UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MONTA BEAMON,

       Petitioner,

       v.                                  Case No. 05-C-0014
                                                           (03-CR-95)

UNITED STATES OF AMERICA,

       Respondent.

ORDER DENYING 28 U.S.C. § 2255 MOTION AND DISMISSING CASE

On January 5, 2005, Monta Beamon filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Beamon advises that he is incarcerated at FCI - Greenville, in Greenville, Illinois.

## BACKGROUND

On May 20, 2003, the government filed a three-count indictment in the case of *United States v. Beamon*, 03-CR-95. Count one charged that Beamon knowingly and intentionally possessed with intent to distribute crack, a controlled substance, to wit: cocaine base in the form of "crack" cocaine a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. The second count alleged that Beamon possessed with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. § 2. Count three advised that Beamon, a convicted felon, engaged in the unlawful transport of firearms in violation of 18 U.S.C. § 922(g)(1) and (2).

Pursuant to the terms of a plea agreement, Beamon pled guilty to the first count of the indictment. The plea agreement stated that Beamon admitted the facts delineated in the plea agreement and that law enforcement officials discovered six bags containing

approximately "23.3 grams of what appeared to be crack cocaine" in the bedroom at 5415 W. Presidio Lane, Apt. A, Milwaukee, Wisconsin. On November 18, 2003, this court sentenced Beamon to a term of imprisonment for one-hundred fifty-one months (151) and imposed a three-year term (3) of supervised release. After advising Beamon of the additional terms of supervised release, the court ordered him to pay the special assessment fee of one hundred dollars ($100.00). The court informed Beamon of his right to appeal and avenues to do so; he declined a request for the clerk to enter a notice of appeal at that time. The clerk entered the judgment of conviction on December 15, 2003. Consistent with the record, Beamon notes that no appeal was filed.

When the clerk entered the judgment of conviction on December 15, 2003, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure gave Beamon ten days, excluding holidays and weekends, to file with this court his notice of appeal. Fed. R. App. P. 4(b)(1)(A); Fed. R. Crim. P. 45(a)(2). Accordingly, Beamon had until December 30, 2003, to file his notice of appeal. Consistent with the record, Beamon admits that he did not appeal his criminal conviction. Consequently, on December 31, 2003, Beamon's conviction became final.

Beamon asserted three grounds for relief based on alleged violations of his constitutional rights. In its screening order of March 1, 2005, the court dismissed two of Beamon's claims, but permitted his claim that his defense counsel was ineffective for failing to file a notice of appeal to go forward. The court then provided the government thirty days to respond to the motion pursuant to Rule 5 of the Rules Governing § 2255 Proceedings.

The government filed a response on March 22, 2005, opposing the motion and requesting additional time to submit an affidavit from Beamon's trial counsel, William Burke.

The court granted the government's request, and on April 7, 2005, the government filed its second response to the motion along with William Burke's affidavit. On May 23, 2005, Beamon sent a letter to the court advising that the government did not serve him a copy of Burke's affidavit. He requested an order directing the government to serve him with its response and Burke's affidavit, and asked for thirty days in which to submit a reply. This court granted Beamon's request on June 7, 2005, ordered the government to serve him with its response and Burke's affidavit within five days, and provided Beamon thirty days to file a reply. The docket reflects that service was effected on June 8, 2005. To date, Beamon has not filed any opposition to the government's response or Burke's affidavit.

DISCUSSION

To establish ineffective assistance of counsel, a habeas petitioner must show that counsel's representation was deficient, i.e., that it fell below an objective standard of reasonableness, and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Fores-Ortega*, 528 U.S. 470, 477 (2000), *accord Rodriguez v. United States,* 395 U.S. 327 (1969). The government acknowledges that the failure of a defense attorney to file a notice of appeal after being instructed to do so constitutes per se ineffective assistance of counsel. (Second Response to § 2255 Motion 2, *citing Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir.1994).)

In his motion, Beamon asserts that "following the imposition of sentence, and within ten days, the petitioner requested that his counsel file an appeal of the sentence imposed, and counsel failed to do so." (Pet. 5.) Beamon further expounds on his claim:

> Immediately following the imposition of sentence, the petitioner asked counsel to file a notice of appeal and appeal the sentence imposed to the 7th Circuit Court of Appeals. Counsel advised he would file a notice of appeal. Upon investigation by telephoning the clerk of court and writing a letter to the court, it was discovered that counsel had not filed an appeal as requested. The request was timely made and the petitioner believed counsel had appealed.

(Pet. 5A.) Beamon requests an evidentiary hearing on the matter.

In response, the government contends that Beamon has "offered nothing other than vague assertions that he asked counsel to file a notice of appeal and counsel failed to do so." (Second Response to § 2255 Motion 3.) It points out that nowhere does Beamon note the date, time, or place in which his alleged conversation with counsel occurred or offer any corroborating evidence in support of his assertions. In support of the government's position, Attorney Burke submits the following statement:

> It is my pre-sentencing practice to speak with my client about his sentencing as well as any grounds for appeal of the case. I did so with Beamon in this case and advised him that, in my opinion, there was no basis for appeal up to that point. Beamon did not offer a contrary opinion nor did he tell me that he wanted me to file an appeal. Had he done so, I would have filed post sentencing a notice of appeal as I have done in other cases. It is also my pre-sentencing practice to review with Beamon the pre-sentence investigation report including the likely sentencing guideline range and what that means in Beamon's case. I did such with Beamon.

> At sentencing, Judge Clevert imposed a sentence at the lowest end of the undisputed guideline range. Nothing during the sentencing proceeding altered by [sic] view that there were no viable grounds for appeal. At the conclusion of the sentencing proceeding, I am aware that Judge Clevert advised Mr. Beamon of his appellate rights and also asked him if he wanted a notice of appeal filed in this case. Mr. Beamon responded "no." At no point post sentencing did Mr. Beamon advise me that he wanted a notice of appeal filed in his case. Again, had he done so, I would have filed such notice as requested.

4

> It is my practice to keep all records and correspondence associated with a particular case in my case file. On March 22, 2005, I reviewed the contents of my file in the above described case and did not find any correspondence from Beamon wherein he requested that I file a notice of appeal. This is also consistent with my independent recollection that during the pendency of this case and thereafter, Beamon never requested of me that notice of appeal be filed on his behalf.

(Burke Aff. 1-2.)

As noted previously, in an order of June 7, 2005, this court provided Beamon the opportunity to reply and admit or deny the correctness of the government's assertions and the testimony of Attorney Burke, pursuant to Rule 7(c) of the Rules Governing § 2255 Proceedings. Beamon did not take advantage of this opportunity—he submitted no reply to the government's response nor any documents in support of his position. Thus, as Beamon does not contest the government's position and the affidavit of Attorney Burke, his claim cannot succeed. Thus, an evidentiary hearing is unnecessary in accordance with Rule 8 of the Rules Governing § 2255.

Therefore,

IT IS ORDERED that Monta Beamon's 28 U.S.C. § 2255 Motion is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

5